**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
4/16/2024
**JEFFREY P. COLWELL, CLERK**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.    23-cv-02030-PAB-MDB

___ JEREMY FISHER _____, Plaintiff

v.

___ MOSES ANDRE STANCIL: CDOC Executive Director,

___ LACY  MONDAY: CDOC Director of Clinical Services,

___ LEONARD WOODSON III: CDOC Assistant Director of Clinical Services,

___ AMANDA RETTING: CDOC Administrator of SOTMP,

___ KIMBERLY KLINE: CDOC Chief of Behavioral Health and SOMB Chair, Defendant(s).

**Jury Trial requested:**
**(please check one)**
____ **Yes**  **X  No**

---

## THIRD AMENDED PRISONER COMPLAINT

---

| NOTICE |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.<br><br>**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A:    PLAINTIFF INFORMATION

Jeremy Fisher, #164296  Freemont Correctional Facility (FCF)
P.O. Box 999 Canon City, CO 81212


| | |
|---|---|
| ___ | Pretrial detainee |
| ___ | Civilly committed detainee |
| ___ | Immigration detainee |
| X | Convicted and sentenced state prisoner |
| ___ | Convicted and sentenced federal prisoner |
| ___ | Other: (*Please explain*) |


## B:    DEFENDANT(S) INFORMATION

Defendant 1:    Moses Andre Stancil, CDOC Executive Director,
Colorado Department of Corrections (CDOC)
1250 Academy Park Loop, Colorado Springs, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?  X  Yes ___ No

As acting Executive Director, Stancil is responsible for the over-site of CDOC
Operations, including the Sex Offender Treatment and Monitoring Program
(SOTMP).

Defendant 1 is being sued in his/her ___ individual and/or  X  official capacity.

Defendant 2:    Lacy Monday, CDOC Director of Clinical Services,
1250 Academy Park Loop, Colorado Springs, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?  X  Yes ___ No

Defendant 2 is being sued in his/her ___ individual and/or  X  official capacity.

Defendant 3:    Leonard Woodson III, CDOC Assistant Director of Clinical Services
1250 Academy Park Loop, Colorado Springs, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?  X  Yes ___ No

2

Defendant 3 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 4:    Amanda Retting, CDOC Administrator of SOTMP
1250 Academy Park Loop, Colorado Springs, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No

Defendant 4 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 5:    Kimberly Kline, CDOC Chief of Behavioral Health and SOMB Chair
CO Division of Criminal Justice
700 Kipling St. Suite 1000 Lakewood, CO 80215
                    &
1250 Academy Park Loop, Colorado Springs, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No

Defendant 5 is being sued in his/her ___ individual and/or _X_ official capacity.

## C:    JURISDICTION

_X_    State/Local Official (42 U.S.C. § 1983)

____    Federal Official

    As to the federal official, are you seeking:

____    Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

____    Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

____    Other: (*please identify*)

## D:    STATEMENT OF CLAIM(S)

CLAIM ONE:    **USCS CONSTITUTION AMENDMENT 14
LIBERTY INTEREST, DUE PROCESS RIGHT TO SOTMP:**

    The Defendant(s) listed have and continue to deprive Plaintiff of his procedural Liberty Interest afforded to him under the Fourteenth Amendment of the U.S. Constitution. The Defendant(s) have specifically failed to adhere to the policies of SOLSA, and operating the Global Referral List in a manner contrary to the letter and spirit of SOLSA and AR 700-19. This violation of Plaintiff's rights by Defendant(s) occurred on the Plaintiff's first parole hearing in October of 2022, when Plaintiff was specifically denied for parole for lack and of mandated

SOTMP treatment that he is continually being denied access to, that would let him parole.

Claim One is asserted against these Defendant(s):

Defendant 1: Moses Andre Stancil

Defendant Stancil, Executive Director of CDOC, the person personally responsible for all CDOC operations, for the promulgation and approval of all Department Administrative Regulations, has specifically violated the Plaintiff's procedural right to due process under the Fourteenth Amendment by depriving Plaintiff of the opportunity to participate in SOTMP without notice, without meaningful periodic review of the deprivation of treatment, and without an opportunity to contest the deprivation of treatment.

Defendant 2: Lacy Monday

Defendant Monday, CDOC Director of Clinical Services; oversees SOTMP, the person personally responsible for overlooking all mental health programs and treatment including SOTMP, has specifically violated the Plaintiff's procedural right to due process under the Fourteenth Amendment by depriving Plaintiff of the opportunity to participate in SOTMP without notice, without meaningful periodic review of the deprivation of treatment, and without an opportunity to contest the deprivation of treatment.

Defendant 3: Leonard Woodson III

Defendant Woodson III, CDOC Assistant Director of Clinical Services; oversees SOTMP, the person personally responsible for assisting in the overlooking of all mental health programs and treatment including SOTMP, has specifically violated the Plaintiff's procedural right to due process under the Fourteenth Amendment by depriving Plaintiff of the opportunity to participate in SOTMP without notice, without meaningful periodic review of the deprivation of treatment, and without an opportunity to contest the deprivation of treatment.

Defendant 4: Amanda Retting

Defendant Retting, CDOC Administrator of SOTMP, the person personally responsible for all SOTMP operations, has specifically violated the Plaintiff's procedural right to due process under the Fourteenth Amendment by depriving Plaintiff of the opportunity to participate in SOTMP without notice, without meaningful periodic review of the deprivation of treatment, and without an opportunity to contest the deprivation of treatment.

Defendant 5: Kimberly Kline

Defendant Kline, CDOC Chief of Behavioral Health and SOMB Chair, the person personally responsible for approving and overseeing all SOTMP and mental health providers,

4

public policies, guidelines, systems and standards with regards to sex offenders, has specifically violated the Plaintiff's procedural right to due process under the Fourteenth Amendment by depriving Plaintiff of the opportunity to participate in SOTMP without notice, without meaningful periodic review of the deprivation of treatment, and without an opportunity to contest the deprivation of treatment.

CLAIM TWO:    **USCS CONSTITUTION AMENDMENT 14**
               **LIBERTY INTEREST, DUE PROCESS RIGHT TO SOTMP:**

The Defendant(s) have and continue to deprive Plaintiff of his substantive Liberty Interest afforded to him under the Fourteenth Amendment of the U.S. Constitution. The Defendant(s) have specifically failed to adhere to the policies of SOLSA, and operating the Global Referral List in a manner contrary to the letter and spirit of SOLSA and AR 700-19. This violation of Plaintiff's rights by Defendant(s) occurred on the Plaintiff's first parole hearing in October of 2022, when Plaintiff was specifically denied for parole for lack of mandated SOTMP treatment that he is continually being denied access to, that would let him parole.

Claim Two is asserted against these Defendant(s):

Defendant 1: Moses Andre Stancil

Defendant Stancil, Executive Director of CDOC, the person personally responsible for all CDOC operations, for the promulgation and approval of all Department Administrative Regulations, has specifically violated the Plaintiff's substantive right to due process under the Fourteenth Amendment by depriving Plaintiff of the opportunity to participate in SOTMP by knowingly and willfully implementing and enforcing a policy and practice of arbitrarily depriving Plaintiff of statutorily mandated treatment despite actual knowledge that such deprivation would make him ineligible for parole, causing him to unnecessarily languish in prison indefinitely.

Defendant 2: Lacy Monday

Defendant Monday, CDOC Director of Clinical Services; oversees SOTMP, the person personally responsible for overlooking all mental health programs and treatment including SOTMP, has specifically violated the Plaintiff's substantive right to due process under the Fourteenth Amendment by knowingly and willfully implementing and enforcing a policy and practice of arbitrarily depriving Plaintiff of statutorily mandated treatment despite actual knowledge that such deprivation would make him ineligible for parole, causing him to unnecessarily languish in prison indefinitely.

Defendant 3: Leonard Woodson III

Defendant Woodson III, CDOC Assistant Director of Clinical Services; oversees SOTMP, the person personally responsible for assisting in the overlooking of all mental health

programs and treatment including SOTMP, has specifically violated the Plaintiff's substantive
right to due process under the Fourteenth Amendment by knowingly and willfully implementing
and enforcing a policy and practice of arbitrarily depriving Plaintiff of statutorily mandated
treatment despite actual knowledge that such deprivation would make him ineligible for parole,
causing him to unnecessarily languish in prison indefinitely.

    Defendant 4: Amanda Retting

    Defendant Retting, CDOC Administrator of SOTMP, the person personally responsible
for all SOTMP operations, has specifically violated the Plaintiff's substantive right to due
process under the Fourteenth Amendment by knowingly and willfully implementing and
enforcing a policy and practice of arbitrarily depriving Plaintiff of statutorily mandated treatment
despite actual knowledge that such deprivation would make him ineligible for parole, causing
him to unnecessarily languish in prison indefinitely.

    Defendant 5: Kimberly Kline

    Defendant Kline, CDOC Chief of Behavioral Health and SOMB Chair, the person
personally responsible for approving and overseeing all SOTMP and mental health providers,
public policies, guidelines, systems and standards with regards to sex offenders, has specifically
violated the Plaintiff's substantive right to due process under the Fourteenth Amendment by
knowingly and willfully implementing and enforcing a policy and practice of arbitrarily
depriving Plaintiff of statutorily mandated treatment despite actual knowledge that such
deprivation would make him ineligible for parole, causing him to unnecessarily languish in
prison indefinitely.

## SUPPORTING FACTS OF CLAIMS

    1. The Plaintiff, Mr. Fisher, is filing pro se and therefore respectfully requests that this
court "review [this pleading] and other papers liberally and hold[s] him to a less stringent
standard than those drafted by attorneys." *Trackwell v. United States, 472 F.3d 1242, 1243 (10th
Cir. 2007)* (citations omitted).

    2. In 2014, the Plaintiff was sentenced under the Lifetime Supervision Act of 1998
(SOLSA). SOLSA falls under CRS § 18-1.3-1006 (1)(a), which requires Plaintiff to "progress"
through the Colorado Department of Correction's (CDOC) Sex Offender Treatment and
Monitoring Program (SOTMP) in order for the parole board to have discretion over granting the
Plaintiff parole on his parole eligibility date (PED).

    3. Mr. Fisher alleges that as a convicted sex offender he is mandated under SOLSA,
section 18-1.3-1004(3), to undergo sex offender treatment as part of his sentence; and under
section 18-1.3-1006(1)(a), he is mandated to successfully progress in that sex offender treatment
(SOTMP) to become eligible for parole consideration and release on parole.

4. Mr. Fisher also alleges that he is not being provided sex offender treatment or the opportunity to participate in sex offender treatment in CDOC, despite the clear statutory mandates that the CDOC must provide him with treatment to be released form CDOC custody. That these actions and omissions, by and through the Defendant(s), have caused Mr. Fisher to be ineligible for parole and to unnecessarily languish in prison for an unknown number of years past his completion of his statutory parole eligibility date.

5. Mr. Fisher further alleges that this deprivation of SOTMP is the result of a conscious decision by CDOC, by and through the Defendant(s), based upon their use of a deeply flawed and antiquated prioritizing system (Global Referral List) on who receives treatment that floats both the letter of law and spirit of SOLSA. Of which, the CDOC, and the Defendant(s), are fully aware of this situation and have made a conscious decision not to remedy, leaving Mr. Fisher in a state of continued deprivation of this mandated treatment and languishing in prison unnecessarily well beyond his original parole eligibility date (PED).

6. Mr. Fisher contends that due to this deprivation of statutorily mandated sex offender treatment, he has been found by the Colorado Board of Parole to be ineligible for consideration for release on parole two consecutive times for shortcomings identified by the Colorado Board of Parole as "inadequate treatment participation /progress."

7. Further contending that the deprivation and continued ongoing deprivation of this mandated sex offender treatment (SOTMP) by CDOC, by and through the Defendant(s), serves no legitimate justifiable state or penological interests and is in violation of the SOLSA.

8. Mr. Fisher has claimed these actions and omissions of the CDOC, by and through the Defendant(s), have and continue to violate his state statutorily created liberty interests, recognized and protected under the Fourteenth Amendment of the United States Constitution, and seeks declaratory and injunctive relief to remedy these violations.

9. As of the date of this complaint, the Plaintiff is 15 months beyond his initial PED (Jan, 2023). The Plaintiff is currently classified in the CDOC system as "recommended for treatment, ready to commence treatment, and willing to commence treatment in the SOTMP." The Plaintiff has exhausted his administrative remedies under the Prison Litigation Reform Act.[1] The Plaintiff affirms that he has an impeccable and unblemished CDOC disciplinary record, and has a risk assessment (CARAS) score of 126 Very Low,[2] both factors that weigh in favor of his admission to SOTMP.

10. The Plaintiff has requested on multiple occasions through the 3-step formal grievance process to be admitted into the SOTMP. All of his requests have been denied.[1]

---

1. See EXHIBIT 1(a)(b)(c): Offender Grievance (Step 1-3 Denial and Responses)

2. See EXHIBIT 2: 2014/2016 CARAS Risk Assessment of Case Manager in Bent County Correctional Facility (BCCF)

11. In October of 2022, the Plaintiff appeared before the CDOC Parole Board for his first parole hearing, which was ultimately deferred 6 months. During that hearing, the Plaintiff was informed by the Parole Board member that Plaintiff needed SOTMP treatment and without that treatment as "required by law," the Plaintiff could not be paroled.

12. In April of 2023, the Plaintiff again appeared before the CDOC Parole Board for his second parole hearing, which was ultimately deferred 12 months that time. The Plaintiff was once again informed by the Parole Board member over the phone, "unfortunately the Board's hands are tied, it is CDOC's policy, and you should grieve this matter," as the treatment is required in order to be paroled.

13. The Plaintiff asserts that he has a right to obtain SOTMP treatment should he seek it, and would be a prime candidate for acceptance on parole if not for his lack of treatment. Based upon the Plaintiff's clean CDOC record, his first offense, an earned college degree while incarcerated, many self-help programs taken and completed over the years while incarcerated, an approved parole plan, and an excellent support system outside of prison, it seems as though it is only the required treatment that is holding the Plaintiff back.

14. Enrollment into SOTMP has benefits that extend beyond parole eligibility, including, without limitation, the benefits associated with receiving appropriate and therapeutic clinical services that are routinely provided to SOTMP participants. These benefits are being denied to the Plaintiff.

15. When a prisoner reaches his parole eligibility date, he will be eligible for parole under normal conditions of confinement of CDOC. A prisoner who has been afforded the opportunity to participate in the SOTMP and who is in need of the SOTMP can progress in treatment to meet parole eligibility when he reaches his PED. A prisoner that is in need of SOTMP but is not afforded the opportunity to participate in SOTMP, that prisoner will be given a parole hearing once eligible for one, in which there is no possibility that he will be granted parole. The prisoner's failure to progress in treatment denies the Parole Board discretion to *grant* him parole. This ineligibility constitutes a 'significant and atypical' hardship compared to normal conditions of confinement. This hardship that has been imposed on the Plaintiff without cause and without a hearing constitutes a deprivation of liberty without due process.

16. If a prisoner cannot be deprived of treatment without due process, it does not matter in what form the deprivation is imposed. In terms of parole eligibility here in Colorado, there is no substantive difference between a prisoner who has been admitted to the SOTMP program then terminated and a prisoner who is never given the opportunity to participate in the program in the first place.

17. AR 700-19, enacted by CDOC, covers the SOTMP. It states that prisoners who have not taken the SOTMP will be given priority over the prisoners who have.[3] Grievance responses

---
3. www.colorado.gov/cdoc: AR 700-19 (IV) (E) (1)

regarding the issue of not being allowed initial entrance due to unfortunate lack of available space state that prisoners have been placed on a "Global Referral List." In the Plaintiff's 3rd-Step Grievance, the coordinator, Anthony Decesaro of CDOC's Headquarters, admitted "this is a time of limited resources and limited number of treatment slots available." He goes on to say, "there is no method to determine the exact time line for treatment." The implication of these grievance responses is that when the prisoner reaches the top of the list, he will be admitted into SOTMP.

18. The Plaintiff believes that a comprehensive discovery process will expose the Defendant(s) continued disregard of AR 700-19, as many offenders who have taken SOTMP previously are being prioritized in front of Plaintiff and other offenders that have not been afforded the opportunity to be admitted into SOTMP.

19. The heart of this complaint lies in the admitted antiquated "Global Referral List," a program within the MPS system. It continues to be unable to provide treatment to offenders within a reasonable period of time, which is in direct violation of the Plaintiff's liberty interest rights.

20. The Plaintiff has now been denied parole twice specifically for not being offered the mandated SOTMP treatment. How many more times must the Plaintiff be denied for parole for the period of time to be reasonable?

21. The Defendant(s) have implemented a new process of not allowing offenders access to where they are on the Global Referral List, which yields the question: "Can I as an offender know where I am on the list, and eventually reach the top of this list in order to gain access to treatment?" There is also no periodic review of sex offenders who are not in SOTMP to evaluate how long they have been without treatment and when they can be expected to first gain access to treatment.

22. The Plaintiff argues that objectively the wait-time for treatment over the course of the last five years has become more likely indefinite. With less facilities offering treatment now than in 2018 and less staff members available, CDOC has not improved its offering of SOTMP. To the contrary, they have reduced their offering of SOTMP to a select few.

23. Furthermore, the Defendant(s) have become less transparent about where offenders are on the waitlist for SOTMP, as they will no longer provide an offender upon request their position on the Global Referral List. Unlike in 2018: "upon request, an inmate may request an update on their position on the Global Referral List." As it stands, the Plaintiff doesn't know where he is on the Global Referral List and fears the worst: that he may never reach the top of this list.

24. The Defendants' failure to provide timely treatment to Plaintiff and their continued treatment of other similarly situated offenders prior to their parole eligibility dates completely circumvents CRS § 18-1-102.5(b)(d)(e)(f) (Purposes of code with respect to sentencing), and accordingly hinder offenders' likelihood for successful rehabilitation.

25. It is a well-established law that the Plaintiff in this complaint has suffered a grievous loss according to the SOLSA Act, depositions from the Defendant(s), and Court Analysis and Opinions written from multiple Judges from this Court on similar cases that the Plaintiff can and will prove in the discovery phase and in trial.

26. To be clear, Mr. Fisher does not assert or claim he has a liberty interest in an expectation of release on parole, even if he does participate in SOTMP. Mr. Fisher also does not assert or claim he has a liberty interest in rehabilitative treatment, even if C.R.S. 18-1.3-1001 suggests sex offender treatment is meant to be a rehabilitative approach for sex offenders sentenced under the SOLSA. The Plaintiff is asserting that he has and continues to be unable to access treatment by Defendant(s), and because of his (indeterminate) sentence, he will suffer a "grievous loss" and languish unnecessarily in prison for the rest of his life.

## CONCLUSION

27. The Plaintiff has a liberty interest in access to SOTMP, which creates a substantive due process right. The Plaintiff's allegations that no program or policy was in place to provide due process to him before he was arbitrarily deprived of his right to SOTMP treatment, could satisfy the "shocks the conscience" test.

28. The Defendant(s) have violated the Plaintiff's substantive right to due process under the Fourteenth Amendment by knowingly and willfully implementing and enforcing a policy and practice of arbitrarily depriving offenders of statutorily mandated treatment despite actual knowledge that such deprivation would make them ineligible for parole, causing him to unnecessarily languish in prison indefinitely.

29. The Defendant(s) have also violated the Plaintiff's procedural right to due process under the Fourteenth Amendment by depriving Plaintiff of the opportunity to participate in SOTMP without notice, without meaningful periodic review of the deprivation of treatment, and without an opportunity to contest the deprivation of treatment.

30. The Defendants' performance outlined within this complaint continually violates the Plaintiff's liberty interests and rights to due process afforded to him under the U.S. Constitution. The Defendants' failures outlined herein, continue to be counter to the Legislator's rehabilitative intent of SOLSA. Accordingly, the 2016 performance audit states that delays in providing offense-specific treatment have been found to negatively affect treatment outcomes.[4]

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you

---

4. Colorado Office of the State Auditor, Dept. of Corr. Behavior Health Programs Performance Audit (November 2016), p.121 at
http://leg.colorado.gov/audits/behavioral-health-programs

were incarcerated? ___ Yes __X_ No (*check one*).

## F.    ADMINISTRATIVE REMEDIES

Is there a formal grievance procedure at the institution in which you are confined?
    __X__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

    __X__ Yes ___ No (*check one*)

## G:    REQUEST FOR RELIEF

It is for the foregoing reasons outlined herein, that the Plaintiff is filing this complaint
and requests that this court order the following declaratory and injunctive relief:

1. Order Defendant(s) to begin the required SOTMP for Plaintiff immediately. (and/or)

2. Order Defendant(s) to allow Plaintiff to be considered for Parole without the stipulation of "progressing through treatment," to afford Plaintiff the opportunity to obtain treatment outside of CDOC. (and/or)

3. Order Defendant(s) to begin treatment for Plaintiff and other similarly situated offenders through "tele-health" avenues currently offered to incarcerated college students and other classes that have been made available to incarcerated offenders. (and/or)

4. Order Defendant(s) to authorize Plaintiff to seek SOMB approved Provider to begin treatment while in the custody of CDOC at Defendant(s) expense.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____(Plaintiff (J. Fisher))

___4/16/2024_____ (Date)

## CERTIFICATE OF SERVICE

I hereby certify that on **[INSERT DATE]** April 16, 2024 _____,

I sent a copy of **MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT; MOTION**

**TO REQUEST THAT THE COURT DIRECT THE DEFENDANTS TO ANSWER PLAINTIFFS**

**THIRD AMENDED COMPLAINT;** and proposed **THIRD AMENDED PRISONER COMPLAINT**

to the following parties in the way described below each party's name:


Party Name: United States District Court _____

How Served: E-Filed _____

Party Attorney's Name: _____

Address: 901-19th St., Room A105 _____

_____ Denver, CO 80284-3589 _____

Telephone Number: _____

Email Address: _____


Party Name: Colorado Dept. of Law _____

How Served: United States Postal Service _____

Party Attorney's Name: Ann Stanton/Amy Adams _____

Address: 1300 Broadway, 10th Floor _____

_____ Denver, CO 80203 _____

Telephone Number: _____

Email Address: _____


_____

(Signature of person completing service)

Print Name: Jeremy Fisher #164296 _____

Address: 999 _____

_____ Canon City, CO 81215 _____

COLORADO DEPARTMENT OF CORRECTIONS

LEGAL ACCESS PROGRAM

## REQUEST FOR PRISONER ELECTRONIC SCANNING (PEF) | COVER PAGE

INCOMPLETE FORMS WILL BE DENIED.          TODAY'S DATE: 4-16-2024

LAST NAME: Fisher          FIRST INITIAL: J          DOC#: 164296

FACILITY: FCF          HOUSING UNIT: 8          TIER: 2          CELL: N21

### STATE THE TYPE OF DOCUMENT BEING SENT:

☐ 42 USC §1983 INITIAL **COMPLAINT** (FORM=6 PGS.) TOTAL PGS. BEING SENT: _____

☐ 28 USC §1915 **INFORMA PAUPERIS 1983 COMPLAINT** (FORM=4 PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2241 **APPLICATION FOR A WRIT OF HABEAS CORPUS** (FORM=4PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2254 **APPLICATION FOR A WRIT OF HABEAS CORPUS** (FORM=6PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2255 **APPLICATION FOR A WRIT OF HABEAS CORPUS** (FORM=5 PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §1915 **INFORMA PAUPERIS FOR HABEAS** (FORM=2PGS) TOTAL PGS. BEING SENT: _____

X Other, please list document(s) here with page number for each document:
Plaintiff's Third Amended Complaint with Certification Service for
Third Amended Complaint; Motion for Leave to File Third Amended Complaint;
and Motion for Request to Answer. Pages for Complaint =(12), C.Service =(1 page)

*OFFENDER MUST PROVIDE COURT ORDER TO CURE DEFICIENCIES TO LEGAL ASSISTANT

☐ CHECK HERE IF THIS IS AN AMENDED COMPLAINT _____
☐ CHECK HERE IF THIS IS IN RESPONSE TO CURE DEFICIENCY _____

OFFENDER SIGNATURE _____

*(Sign on this line)*

### DO NOT WRITE BELOW THIS LINE

Date Request Received: APR 1 6 2024 Facility Law Library FCF _____ Legal Assistant's Initials _____

TOTAL PAGES WITH THIS FAX, INCLUDING THIS COVER PAGE __14 pgs__

Your request has been **DENIED**: _____ in whole _____ in part for the following reason(s):

_____ Your request form was not properly completed (Missing required signature, last name, first initial, full cell location, facility, unit, tier, cell, DOC #, date, etc.)

_____ The material you have submitted does not meet program definitions of legal material, as described in AR 750-01

_____ Your PEF request exceeds the page limit established by the Legal Access Program (see attached). Also see posted PEF policies.

_____ You have not submitted the documents to be scanned

_____ The Legal Access Program will not allow scanning/transmission of ARs, IAs, OMs, case law, statutes, court rules, session laws, or material contained in the law library, even as attachments/exhibits (Exception for non-published case law to be attached to a pleading.)

_____ The Legal Access Program will not allow scanning/transmission of transcripts, electronic or paper media, including but not limited to transcripts, court records, and discovery from courts or attorneys, incomplete documents, altered documents, and/or blank forms.

_____ The Legal Access Program will not allow scanning/transmission of non-original documents, previously-copied/scanned documents, incoming correspondence, or documents (account statements, mittimus, etc.), grievances, COPD appeals, except as exhibits attached to an original pleading being filed with the court. Your pleading must include a statement referring to the attached exhibits in order for them to be scanned/transmitted.

_____ The Legal Access Program will not allow scanning/transmission of documents which have any substance on them (such as dirt, food, coffee, hair, bodily secretions, glue, tape, toothpaste, etc.)

_____ Documents containing UCC/Sovereign citizen statements or signatures will not be allowed to be scanned/transmitted

_____ You may bring your request into compliance and resubmit

Other _____

METER END _____     MINUS (-) METER BEGIN _____     EQUALS (=) TOTAL ADMIN COPIES _____