IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02030-PAB-MDB

JEREMY FISHER,

    Plaintiff,

v.

MOSES ANDRE STANCIL, CDOC EXECUTIVE DIRECTOR,
LACY MONDAY, CDOC DIRECTOR OF CLINICAL SERVICES
LEONARD WOODSON III, CDOC ASSISTANT DIRECTOR OF CLINICAL SERVICES,
AMANDA RETTING, CDOC ADMINISTRATOR OF SOTMP, AND
KIMBERLY KLINE, CDOC CHIEF OF BEHAVIORAL HEALTH,

    Defendants.

## CDOC DEFENDANTS' ANSWER TO PLAINTIFF'S FOURTH AMENDED PRISONER COMPLAINT (ECF NO. 66)

Defendants Moses 'Andre' Stancil, Lacy Monday, Leonard Woodson, III, Amanda Retting, and Kimberly Kline (the "CDOC Defendants"), through their counsel, the Colorado Attorney General, hereby submit their Answer to Plaintiff Jeremy Fisher's Fourth Amended Prisoner Complaint at ECF No. 66 (the "Complaint").

## PARTIES

1. Regarding the allegations contained in the section titled "Plaintiff Information," (ECF No. 66, p. 7), the CDOC Defendants admit that Plaintiff Jeremy Fisher, #164296, is a convicted and sentenced state prisoner in the custody of the Colorado Department of Corrections, and he is currently housed at Fremont Correctional Facility ("FCF").

2. Regarding the allegations contained in the section titled "Defendant(s) Information" "Defendant 1: Moses Andre Stancil, CDOC Executive Director," the CDOC

Defendants admit that Stancil is the current Executive Director of CDOC, and CDOC's main headquarters is at the address stated. The CDOC Defendants further admit that Fisher purports to sue Stancil in his official capacity. The CDOC Defendants deny the remaining allegations concerning Stancil in this section.

3. Regarding the allegations contained in the section titled "Defendant(s) Information" "Defendant 2: Lacy Monday, CDOC Director of Clinical Services," the CDOC Defendants admit that Monday is the currently the Director of Clinical Services at CDOC, and CDOC's main headquarters is at the address stated. The CDOC Defendants further admit that Fisher purports to sue Monday in her official capacity. The CDOC Defendants deny the remaining allegations concerning Monday in this section.

4. Regarding the allegations contained in the section titled "Defendant(s) Information" "Defendant 3: Leonard Woodson III, CDOC Assistant Director of Clinical Services," the CDOC Defendants admit that Woodson is the current Assistant Director of Clinical Services at CDOC, and CDOC's main headquarters is at the address stated. The CDOC Defendants further admit that Fisher purports to sue Woodson in his official capacity. The CDOC Defendants deny the remaining allegations concerning Woodson in this section.

5. Regarding the allegations contained in the section titled "Defendant(s) Information" "Defendant 4: Amanda Retting, CDOC Administrator of SOTMP," the CDOC Defendants admit that Retting is the current Program Administrator for the Sex Offender Treatment and Monitoring Program ("SOTMP"), and CDOC's main headquarters is at the address stated. The CDOC Defendants further admit that Fisher purports to sue Retting in her

official capacity. The CDOC Defendants deny the remaining allegations concerning Retting in this section.

6. Regarding the allegations contained in the section titled "Defendant(s) Information" "Defendant 5: Kimberly Kline, CDOC Chief of Behavioral Health," the CDOC Defendants admit that Kline is the current Chief of Behavioral Health at CDOC, and CDOC's main headquarters is at the address stated. The CDOC Defendants further admit that Fisher purports to sue Kline in her official capacity. The CDOC Defendants deny the remaining allegations concerning Kline in this section.

## JURISDICTION

1. The CDOC Defendants admit that Fisher purports to invoke the jurisdiction of the Court pursuant to the statutory authority cited therein but deny that they have violated any of Fisher's rights protected by such authority or that he is entitled to any relief pursuant to such authority.

## STATEMENT OF CLAIMS

**CLAIM ONE: USCS CONSTITUTION AMENDMENT 14 VIOLATION OF LIBERTY INTEREST AND DUE PROCESS RIGHT TO SEX OFFENDER TREATMENT**

1. Regarding Fisher's description of the nature of and basis for claim one, the CDOC Defendants deny the allegations.

2. Regarding Claim One, Defendant 1: Moses Andre Stancil, the CDOC Defendants admit that Fisher purports to bring this claim against Stancil in his official capacity. The CDOC Defendants deny the remaining allegations concerning Stancil in this section.

3. Regarding Claim One, Defendant 2: Lacy Monday, the CDOC Defendants admit that Fisher purports to bring this claim against Monday in her official capacity. The CDOC Defendants deny the remaining allegations concerning Monday in this section.

4. Regarding Claim One, Defendant 3: Leonard Woodson, III, the CDOC Defendants admit that Fisher purports to bring this claim against Woodson in his official capacity. The CDOC Defendants deny the remaining allegations concerning Woodson in this section.

5. Regarding Claim One, Defendant 4: Amanda Retting, the CDOC Defendants admit that Fisher purports to bring this claim against Retting in her official capacity. The CDOC Defendants deny the remaining allegations concerning Retting in this section.

6. Regarding Claim One, Defendant 5: Kimberly Kline, the CDOC Defendants admit that Fisher purports to bring this claim against Kline in her official capacity. The CDOC Defendants deny the remaining allegations concerning Kline in this section.

**CLAIM TWO: USCS CONSTITUTION AMENDMENT 14 VIOLATION OF LIBERTY INTEREST AND DUE PROCESS RIGHT TO ELIGIBILITY FOR PAROLE**

1. Regarding Fisher's description of the nature of and basis for claim two, the CDOC Defendants deny the allegations.

2. Regarding Claim Two, Defendant 1: Moses Andre Stancil, the CDOC Defendants admit that Fisher purports to bring this claim against Stancil in his official capacity. The CDOC Defendants deny the remaining allegations concerning Stancil in this section.

3. Regarding Claim Two, Defendant 2: Lacy Monday, the CDOC Defendants admit that Fisher purports to bring this claim against Monday in her official capacity. The CDOC Defendants deny the remaining allegations concerning Monday in this section.

4. Regarding Claim Two, Defendant 3: Leonard Woodson, III, the CDOC Defendants admit that Fisher purports to bring this claim against Woodson in his official capacity. The CDOC Defendants deny the remaining allegations concerning Woodson in this section.

5. Regarding Claim Two, Defendant 4: Amanda Retting, the CDOC Defendants admit that Fisher purports to bring this claim against Retting in her official capacity. The CDOC Defendants deny the remaining allegations concerning Retting in this section.

6. Regarding Claim Two, Defendant 5: Kimberly Kline, the CDOC Defendants admit that Fisher purports to bring this claim against Kline in her official capacity. The CDOC Defendants deny the remaining allegations concerning Kline in this section.

## SUPPORTING FACTS OF CLAIMS

1. To the extent that paragraph 1 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the allegations.

2. The CDOC Defendants admit that Fisher was sentenced under the Colorado Sex Offender Lifetime Supervision Act of 1998 ("SOLSA") in 2014. To the extent that paragraph 2 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.

3. The CDOC Defendants admit that, under SOLSA, Fisher must undergo sex offender treatment as part of his sentence. To the extent that paragraph 3 contains legal

conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.

4. The CDOC Defendants deny the allegations.

5. The CDOC Defendants deny the allegations.

6. The CDOC Defendants admit that the Colorado Parole Board has twice deferred Fisher's parole, noting, among other things, that he was "awaiting [one or more] program [s]" or was "not yet in SOTMP." To the extent that paragraph 6 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.

7. The CDOC Defendants deny the allegations.

8. The CDOC Defendants admit that Fisher purports to bring the claims described. The CDOC defendants deny the remaining allegations.

9. The CDOC Defendants admit that as of the date of filing his Complaint (EFC No. 66), Fisher was approximately eighteen months beyond his parole eligibility date. The CDOC Defendants also admit that, when Fisher was assessed in May 2022, his CARAS score was 126, which was characterized as very low, and there were no disciplinary convictions on his record. The CDOC Defendants deny the remaining allegations.[1]

10. The CDOC Defendants admit that Fisher filed three grievances regarding his admission to SOTMP, and those grievances were denied to the extent he asked to be placed in SOTMP immediately. The CDOC Defendants deny the remaining allegations.[2]

---

[1] The CDOC Defendants deny that Fisher attached a document showing his CARAS risk score as an exhibit.
[2] The CDOC Defendants deny that Fisher attached any grievances to the Complaint as exhibits.

11.     The CDOC Defendants admit that Fisher appeared before the Parole Board in October 2022 for his first parole hearing. The CDOC Defendants further admit that a member of the Parole Board informed Fisher that SOTMP treatment was required and that the Parole Board later decided to defer Fisher's parole for six months. The CDOC Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations, and therefore deny the same.

12.     The CDOC Defendants admit that Fisher appeared before the Parole Board in April 2023 for his second parole hearing. The CDOC Defendants further admit that a member of the Parole Board noted that SOTMP treatment was required, and the Parole Board later decided to defer Fisher's parole for twelve months. The CDOC Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations, and therefore deny the same.

13.     To the extent that paragraph 13 contains legal conclusions, no response is required. The CDOC Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations, and therefore deny the same.

14.     The CDOC Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations, and therefore deny the same.

15.     To the extent that paragraph 15 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.

16.     The CDOC Defendants admit that (1) AR 700-19 was enacted by CDOC, and it addresses SOTMP; (2) prior SOTMP treatment opportunities are considered when prioritizing

inmates for treatment; (3) in his response to Fisher's Step 3 grievance, Anthony DeCesaro made statements substantially similar to those quoted, but the quotes stated are not exact. The CDOC Defendants deny the remaining allegations.[3]

17. The CDOC Defendants admit that the Colorado Parole Board has twice deferred Fisher's parole. With respect to the remaining allegations in paragraph 17, no response is required as they constitute a rhetorical question. To the extent a response is required, the CDOC Defendants deny the allegations.

18. The CDOC Defendants deny the allegations.

19. To the extent that paragraph 19 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.

20. To the extent Fisher characterizes his own actions or claims, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.

## CONCLUSION

21. To the extent that paragraph 21 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.

---

[3] The CDOC Defendants deny that the cited portions of AR 700-19 are in currently in effect; they have been revised.

8

22. To the extent that paragraph 22 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.

23. To the extent that paragraph 23 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.

24. To the extent that paragraph 24 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the remaining allegations.[4]

## PREVIOUS LAWSUITS

1. The CDOC Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations, and therefore deny the same.

## ADMINISTRATIVE REMEDIES

1. The CDOC Defendants admit that there is a formal grievance procedure at the facility in which Fisher is confined, but are without sufficient information and knowledge to form an opinion as to the truth of the allegations concerning the exhaustion of administrative remedies and therefore deny the same.

## REQUESTS FOR RELIEF

1. To the extent that paragraph 1 contains legal conclusions, no response is required.

---

[4] The CDOC Defendants note that the cited performance audit says, "The 2013 evaluation found that lengthy wait times affect offenders once they are in treatment, by causing offenders to be fearful of removal and to 'appease the treatment provider' instead of genuinely engaging in treatment." The CDOC offenders deny the remaining allegations in this footnote.

To the extent a response is required, the CDOC Defendants deny the allegations.

2. To the extent that paragraph 2 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the allegations.

3. To the extent that paragraph 3 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the allegations.

4. To the extent that paragraph 4 contains legal conclusions, no response is required. To the extent a response is required, the CDOC Defendants deny the allegations.

## GENERAL DENIAL

1. The CDOC Defendants deny each and every allegation contained within the Complaint not expressly admitted herein.

## DEFENSES

1. Fisher's complaint fails, in whole or in part, to state a claim against CDOC Defendants upon which relief may be granted.

2. Fisher's claims are limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited, or qualified immunity.

3. The CDOC Defendants affirmatively assert that Fisher's federal and state rights were not violated, and that Fisher has been afforded all the rights, privileges, and immunities granted by the United States Constitution and Colorado law.

4. CDOC Defendants affirmatively assert that they followed the regulations and procedures established by CDOC and other applicable laws and regulations with respect to the claims at issue.

5. CDOC Defendants' actions, applicable CDOC regulations, and state laws are supported by legitimate penological interests, goals, and objectives.

6. CDOC Defendants' actions, applicable CDOC regulations, and state laws are supported by compelling interests, goals, and objectives, and constitute the least restrictive means of effectuating those interests, goals, and objectives.

7. Fisher's claims may be barred in whole or in part by the Prison Litigation Reform Act, including, but not limited to, the physical injury and exhaustion requirements of the Prison Litigation Reform Act.

8. Fisher's claims may be barred in whole or in part by the applicable statute(s) of limitations.

9. Fisher's claims may be barred in whole or in part by the doctrines of collateral estoppel and or *res judicata*.

10. Fisher is not entitled to the relief being sought or claimed in the Complaint under the legal theories therein asserted.

11. Fisher's claims fail to state a claim upon which relief can be granted, as the CDOC Defendants may not have personally participated in the events complained of.

12. Fisher may have failed to mitigate his damages, if any.

13. Fisher's claimed damages, if any, may have been caused by a third person(s) over whom the CDOC Defendants had or have no control.

14. Fisher's injuries and damages, if any, were either pre-existing or not aggravated by any alleged acts or omissions of or by the CDOC Defendants, nor were they proximately caused by or related to any alleged acts or omissions of the CDOC Defendants.

15. Fisher's claims may be barred or limited by the doctrines of waiver, estoppel, and laches.

16. Fisher's claimed damages may have been caused by his own negligence.

17. Fisher's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and state law.

18. Fisher may have failed to fulfill all conditions precedent to bringing this action.

19. The CDOC Defendants reserve the right to assert additional defenses that become known during discovery, or to withdraw defenses as appropriate, subject to Rule 15 of the Federal Rules of Civil Procedure.

## JURY DEMAND

The CDOC Defendants hereby demand the right to a trial by jury.

Respectfully submitted August 23, 2024.

PHILIP J. WEISER
Attorney General

s/ *Amy E. Adams*
AMY E. ADAMS*
ANN C. TOUSIGNANT STANTON*
Assistant Attorneys General
Attorneys for the CDOC Defendants
1300 Broadway, Tenth Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail:  amy.adams@coag.gov;
ann.stanton@coag.gov
*Counsel of Record

# CERTIFICATE OF SERVICE

This is to certify that I have served this **CDOC DEFENDANTS' ANSWER TO PLAINTIFF'S FOURTH AMENDED PRISONER COMPLAINT** on all parties herein by e-filing with the CM/ECF system maintained by the court on August 23, 2024, and by depositing same in the United States mail, postage prepaid, at Denver, Colorado, on August 23, 2024, addressed as follows:

Jeremy Fisher, #164296  
Fremont Correctional Facility  
PO Box 999  
Canon City, CO 81215-0999  
*Plaintiff Pro Se*

*Courtesy Copy via email:*  
Anthony DeCesaro, CDOC

*s/ Jennifer J. Kaercher*