IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02030-PAB-MDB

JEREMY FISHER,

    Plaintiff,

v.

MOSES ANDRE STANCIL, CDOC EXECUTIVE DIRECTOR,
LACY MONDAY, CDOC DIRECTOR OF CLINICAL SERVICES,
LEONARD WOODSON III, CDOC ASSISTANT DIRECTOR OF CLINICAL SERVICES,
AMANDA RETTING, CDOC ADMINISTRATOR OF SOTMP, AND
JASON GUIDRY, CDOC CHIEF OF BEHAVIORAL HEALTH

    Defendants.

## DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF THEIR FED. R. CIV. P. 12(B)(1) MOTION TO DISMISS

Defendants Moses 'Andre' Stancil, Lacy Monday, Leonard Woodson III, Amanda Retting, and Jason Guidry, by and through their counsel, the Colorado Attorney General, respectfully move to stay this litigation until their pending Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction has been ruled upon (ECF No. 142). In support thereof, Defendants state:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1(b)(1), because Fisher is a *pro se* prisoner, Defendants are not required to confer with him regarding this motion.

### ARGUMENT

1. In August 2023, Plaintiff Jeremy Fisher filed this lawsuit in which he asserts that Defendants denied him, and continued to deny him, procedural and substantive due process by

failing to admit him to the Colorado Department of Corrections' (CDOC's) Sex Offender Treatment and Monitoring Program (SOTMP). (*See generally*, ECF No. 1).

2. He seeks injunctive relief against Defendants in their official capacities, asking for an order mandating that Defendants admit him to treatment or allow him to "be considered for Parole without the stipulation of progressing through treatment[.]" (ECF No. 66 at 23); *see also* § 18-1.3-1006, C.R.S.

3. For nearly a year after he filed the initial complaint, Fisher repeatedly amended it to correct a multitude of deficiencies. (ECF Nos. 5, 9, 30, 49, 65, 66, 78).

4. Once the Defendants answered the operative Fourth Amended Complaint and a Scheduling Order was entered, the parties exchanged discovery materials and explored settlement options in good faith. (ECF Nos. 70, 80, 92, 103, 109, 111, 113).

5. At present, Fisher has a "Motion Objecting to Minute Order (ECF No. 127) Ordering Plaintiff to File for Summ. Judgment Once Discovery Closes" (ECF No. 130), a Motion for Summary Judgment (ECF No. 129), a Motion to Compel Discovery (ECF No. 134) and a Motion for Temporary Restraining Order (ECF No. 77) pending (assuming the Motion for Summary Judgment is accepted for filing). Defendants have been granted permission to depose the Plaintiff. (ECF No.133). Discovery is set to close May 20, 2025. (ECF No. 80).

6. While the litigation was proceeding, Fisher was steadily moving up on CDOC's list of offenders with a judicial determination of a sex crime who are awaiting placement in the SOTMP, known as the Global Referral List.

7. As of April 30, 2025, Fisher had reached the top of the waiting list for placement in a Track II treatment group, had been transferred to Arkansas Valley Correctional Facility

2

(AVCF) to be assigned to the next available space in a Track II treatment group, and enrolled in the SOTMP. *See Exhibit A*, Declaration of Amanda Retting; *see also* Fisher's Notice of Change of Address (ECF No. 141).

8.  On May 7, 2025, Defendants filed a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction because Fisher received the relief he sought, so no further case or controversy exists and his claims are moot. (ECF No. 142).

9.  In the interest of conserving the resources of the State, this Court, and Fisher, Defendants respectfully request that this Court stay the proceedings in their entirety until it rules on the pending Rule 12(b)(1) Motion to Dismiss at EFC No. 142.

10. District Courts have "broad discretion to stay proceedings as incident to [their] power to control [their] own docket[s]." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). The proponent of a stay must establish the need for it. *Id.* at 708. The reviewing court should then weigh the need for a stay against the potential harm that may ensue from granting one. *Id.*

11. Courts consider several factors when deciding whether to stay an action pursuant to their inherent powers to control their dockets: (1) the stage of the litigation; (2) whether a stay will unduly prejudice or disadvantage the non-moving party; (3) whether a stay is likely to simplify the issues in question; and (4) whether a stay will reduce the burden of litigation on the litigants and the Court. *See Smith Sport Optics, Inc. v. Burton Corp.*, 601 F. Supp. 3d 936, 929 (D. Colo. 2022).

12. In this case, the litigation has proceeded quite far, and the Defendants have disclosed all non-privileged documents that Fisher has requested and answered his other written discovery requests. To the extent that discovery remains incomplete, it is largely on Defendants'

side, as they have not yet been able to depose Fisher pursuant to the Court's recent order granting them leave to do so. (ECF No. 133). Fisher has filed a Motion to Compel additional discovery. (ECF No. 134). But as Defendants argued in their Response to his Motion to Compel, he is not entitled to the remaining documents he seeks because they are privileged, their disclosure would conflict with the American Psychological Association's ethical standards applicable to CDOC therapists, and they are not relevant to Fisher's claims and proportional to the needs of the case. (*See generally,* ECF No. 140). Thus, to the extent the stage of the case is relevant to the Court's analysis, only Defendants' need for additional discovery in the form of deposing Fisher would be delayed.

13.     Moreover, Fisher has two other motions outstanding: a Motion for Temporary Restraining Order and a Motion to Object to Minute Order. (ECF Nos. 77 and 130). Both of these motions seek relief that Fisher has already secured through the passage of time – entry into treatment. (*See* ECF No. 77 at 15 seeking "immediate placement into SOTMP" and ECF No 130, seeking to file an early motion for summary judgment that, if accepted, asks for an order finding that Defendants cannot further deprive Fisher of statutorily mandated treatment (ECF No. 129 at 17-18)). Having already gotten the relief he seeks in his outstanding motions, Fisher will not be disadvantaged by a stay of the proceedings pending resolution of Defendants' Rule 12(b)(1) Motion to Dismiss.

14.     A stay would greatly simplify the issues in question because, if this Court were to grant the Rule 12(b)(1) Motion to Dismiss, it would not need to decide any of the other issues presented in the operative complaint or other pending motions. (ECF Nos. 66, 77, and 130).

15.     Finally, a stay is likely to greatly reduce the burden of litigation on all parties and

4

this Court. If the Rule 12(b)(1) Motion to Dismiss is granted, the Court need not decide Fisher's multiple pending motions, Defendants need not take Fisher's deposition, and the parties need not continue to brief – and the Court need not expend resources considering and ruling on – pending and forthcoming dispositive motions under Fed. R. Civ. P. 56.

16. For all these reasons, Defendants move this Court to stay the proceedings in their entirety until it decides the Rule 12(b)(1) Motion to Dismiss at ECF No. 142.

DATED at Denver, Colorado this 8th day of May, 2025.

PHILIP J. WEISER
Attorney General

*s/ Amy E. Adams*
AMY E. ADAMS*
KRISTIN K. LINDEMANN*
Assistant Attorneys General
ANN C. TOUSIGNANT STANTON*
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
E-Mail: Amy.Adams@coag.gov
           Kristin.Lindemann@coag.gov
           Ann.Stanton@coag.gov
*Counsel of Record
*Attorneys for Defendants*

5

## CERTIFICATE OF SERVICE

      This is to certify that I have served **DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF THEIR RULE 12(B)(1) MOTION TO DISMISS** upon all parties herein by e-filing with the CM/ECF system maintained by the court on May 8, 2025, or by deposition of the same in the United States mail, postage prepaid, at Denver, Colorado, on May 8, 2025, addressed as follows:

Jeremy Fisher, #164296
Arkansas Valley Correctional Facility
12750 Hwy 96 at Lane 13
Ordway, CO 81034
*Plaintiff Pro Se*

*Courtesy copy e-mailed to client representative:*
Anthony DeCesaro, CDOC

                              *s/ Jennifer Kaercher*

6